UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 18-10020 |
| ) | |
| PETE EARL TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR PRODUCTION OF BRADY MATERIALS**

Now comes the Defendant, PETE EARL TAYLOR, by his attorney, KARL W. BRYNING, and pursuant to Rule 12(d)(2), Fed.R.Crim.P., *Brady v. Maryland*, 373 U.S. 83 (1967), *Giglio v. United States*, 405 U.S. 150 (1973). and *Kyles v. Whitley,* 115 S.Ct. 155 (1995), moves this Court for the entry of an Order directing the government forthwith to make inquiry and to disclose to the defense prior to the trial of this cause any and all documents, materials, and information, in whatever form, within the possession or control of the Government, or the existence of which is known, or by the exercise of due diligence could become known to the Government, which would tend to mitigate, in any way, the guilt of the Defendant or would tend to establish a defense, in whole or in part, to the allegations of the Bill of Indictment, or would help the Defendant avoid conviction or mitigate punishment therefore, including, but not limited to, the following:

1. Any and all records and information indicating prior felony convictions or findings of guilt or juvenile adjudications attributed to each witness to be called by the government, including, but not limited to, relevant "rap sheets" or other relevant criminal history reports as to each such witness.

2. The specific terms of all plea agreements, whether formal or informal, which have been entered into with any government witness, including, but not limited to, all agreements concerning relief under Section 5K1.1 of the United States Sentencing Guidelines and Rule 35(b), Fed.R.Crim.P.

3. The specific terms of all grants or promises of immunity from prosecution, whether formal or informal, which have been given or conferred to any government witness.

4. Any and all records and information indicating any criminal charges pending against any government witness in any jurisdiction which have not been disposed of by either conviction or acquittal.

5. Any and all records and information indicating prior misconduct or bad acts attributed to any government witness.

6. Any and all records and information indicating any consideration or promises of consideration to be given to or on behalf of the government witness. By "consideration" the Defendant refers to absolutely anything of value or use to a government witness or to persons of concern to the witness, including, but not limited to, formal or informal, direct or indirect: leniency, favorable treatment or recommendations or other assistance with respect to any past, pending or potential criminal, parole, probation, immigration, pardon, clemency, civil, tax court, court of claim, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; motions made on behalf of said person(s) pursuant to Section 5K.1. of the United States Sentencing Guidelines; motions made on behalf of said person(s) pursuant to Rule 35(b), Fed.R.Crim.P.; relief from forfeiture; relief from deportation; pretrial diversion or deferred prosecution program; payments of money, rewards, or fees, witness fees and

special witness fees, provision of food clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program"; informer status of the witness; and anything else which arguably could reveal an interest, motive, or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color one`s testimony.

7. Any and all records indicating any threats, express or implied, direct or indirect, or other coercion made or directed against any government witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or potential legal disputes or transactions with the government or over which the government has real, apparent, or perceived influence as to the outcome.

8. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or any other tribunal or body or otherwise officially narrated in relation to this Defendant, the investigation of the facts of this case.

9. The existence and identification of each occasion on which any government witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

10. The existence and identification of each occasion in which any government witness has temporarily or permanently refused to answer questions in relation to this case, including, but not limited to, requests for an attorney prior to answering any questions.

11. The existence and identification of each occasion in which the government witness was called upon to view any person(s) or photograph(s), or videotape(s) for purposes of

identification of the defendant or another.

12. Disclosure as to whether any government witness has ever undergone psychiatric/psychological treatment or treatment for alcohol/drug abuse or addiction.

13. Any and all records and information indicating material inconsistencies between statements given by any witness (including inconsistent statements by the same person and statements of different persons that are consistent) to the government, and all statements or other information which would tend to impeach the credibility of any intended government witness.

14. Disclosure as to whether any government witness is or was an informant or confidential source or cooperating individual for any federal, state, or local law enforcement agency at the time of the occurrences alleged in the indictment or during the course of the investigation and prosecution of this case.

PETE EARL TAYLOR,
Defendant

/s/ Karl W. Bryning
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX: 309/671-7898
Email: karl_bryning@fd.org

CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Paul Morris, Assistant United States Attorney, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602.

      /s/ Karl W. Bryning
      Attorney for Defendant
      Assistant Federal Public Defender
      401 Main Street, Suite 1500
      Peoria, Illinois 61602
      Phone: 309/671-7891
      FAX: 309/671-7898
      Email: karl_bryning@fd.org