UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 18-10020 |
| | ) | |
| PETE EARL TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE**
(Defendant's Prior Convictions)

Now comes the Defendant, PETE EARL TAYLOR, by his attorney, KARL W. BRYNING, and pursuant to Rules 104 and 609, Fed.R.Evid., moves this Court for the entry of an Order barring the Government from introducing any evidence of Defendant's prior felony convictions to impeach his credibility should he elect to testify at trial, or in the alternative, barring the Government from referring to or mentioning the name or nature of any of Defendant's prior felony convictions to impeach his credibility. In support, Defendant states as follows:

1. Defendant is charged in this cause with Possession of a Contraband Weapon, in violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(3) and Possession of a Prohibited Object in Prison, in violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(5) in a Two Count Indictment.

2. Defendant and his counsel have reason to believe that if Defendant elects to testify at the trial of this cause, the Government will seek to introduce evidence of his prior convictions for the purpose of impeaching his credibility under Rule 609(a), Fed.R.Evid.

3. The United States Probation Department lists Defendant as having been convicted

of the following offenses:

    a.    August 20, 2016: Possession with Intent to Distribute Cocaine, Western District of MO Case No. 15CR344, 100 months prison;

    b.    August 20, 2014: Receiving Stolen Property, Boon County, MO Case No. 13BACR04532, 120 days suspended;

    c.    August 4, 1998: Conspiracy to Distribute Marijuana, Western District of MO Case No. 97CR167, 37 months prison consecutive to Northern District of TX Case No. 93CR42;

    d.    January 2, 1991: Possession of a Firearm by a Felon, San Bernardino, CA Case No. SCR53120, 3 years probation, Revoked, 3 years prison;

    e.    October 30, 1985: Robbery, San Bernardino, Ca Case No. SCR-42600, 3 years of probation, Revoked, 3 years prison;

    f.    October 30, 1985: Petty Theft, San Bernardino, CA Case No. MVA25371, 120 days jail;

    g.    June 26, 1984: Petty Theft, San Bernardino, CA Case No. MSB24025, 60 days jail;

    h.    June 26, 1984: Possession of Marijuana, San Bernardino, CA Case No. MOO52832, 60 days jail;

    i.    September 27, 1983: Carry Concealed Weapon on Person, Fontana, CA Case No. MVA21833, 5 days jail;

    j.    July 20, 1983: False Information to Police, San Bernardino, CA Case No. TVA44675, 7 days jail;

    k.      July 14, 1983: Petty Theft, San Bernardino, CA Case No. MSB20756, Probation;

    l.      September 8, 1983: Possession of Marijuana, San Bernardino, CA Case No. FVA5618, 3 years of probation, Revoked, 120 days jail.

4.      Rule 609(a)(1), Fed.R.Evid. states in pertinent part, that a Defendant's prior felony conviction shall be admissible to impeach a Defendant's testimony only "if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused."

5.      Furthermore, Rule 609(b) states that evidence of a conviction more than ten years old is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

6.      In weighing the probative value of such evidence against its prejudicial effect, a district court must consider the following five factors: a) the impeachment value of the prior crime; b) the point in time of the conviction and the witness' subsequent history; c) the similarity between the past and present crime; d) the importance of the Defendant's testimony; and e) the centrality of the credibility issue in the trial. *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976); *United States v. Galati*, 230 F.3d 254, 262 (7th Cir. 2000). As related by one of the most distinguished commentators in the law of federal evidence:

> One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions. Even though a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he might nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment.

3 *Weinstein's Evidence*, Sec. 609(3) at 609-38 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir. 1967), *cert. denied*, 390 U.S. 1029 (1968). The testimony of Mr. Taylor is central to this case as it involves whether or not prison guards in fact located a contraband weapon and another item of contraband on Mr. Taylor's person. This Court should weigh the balance in favor of Defendant and bar the Government from using any evidence of his prior felony convictions to impeach his trial testimony, or, in the alternative, bar the Government from referring to or mentioning the name or nature of any of Defendant's prior felony convictions to impeach his trial testimony.

      Here, the offenses at issue are alleged to have occurred November 30, 2017. All but the two most recent cases listed by the United States Probation Department occurred over ten years prior to the date of the alleged offense and should be time barred. The report provided by the Probation Department fails to note whether any of the listed offenses were felony offenses. However, the Defendant is currently serving a prison sentence for the felony offense listed in subsection 3(a). Also, the offense listed in subsection 3(c) appears also to be a felony offense. If the remaining offenses listed in paragraph 3 are not felony convictions they should be barred pursuant to Rule 609(b) as being presumptively inadmissible and more prejudicial than probative. Even if the offenses listed in paragraph 3 other than 3(a) are felony convictions they should be barred pursuant to Rule 609 (a) since each occurred several years ago and the nature of the charges would unnecessarily risk prejudicing the jury against Mr. Taylor. The offenses listed in 3(a, c, d, h, i, and l) relate to crimes involving drugs or weapons. The name and nature of the charges would therefore be likely to inflame the passions of jurors and produce a verdict based upon passion rather than a fair assessment of facts of the case.

      WHEREFORE, Defendant requests the entry of an Order barring the Government from

introducing any evidence of Mr. Taylor's prior felony conviction(s) to impeach his credibility should he elect to testify at trial, or in the alternative, bar the Government from referring to or mentioning the name or nature of any of Mr. Taylor's prior felony conviction(s) to impeach his credibility.

        PETE EARL TAYLOR,
        Defendant

        /s/ Karl W. Bryning
        Attorney for Defendant
        Assistant Federal Public Defender
        401 Main Street, Suite 1500
        Peoria, Illinois 61602
        Phone: 309/671-7891
        FAX: 309/671-7898
        Email: karl_bryning@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Paul Morris, Assistant United States Attorney, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602.

/s/ Karl W. Bryning
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX: 309/671-7898
Email: karl_bryning@fd.org