```
 1                 UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF ILLINOIS
 2

 3   UNITED STATES OF AMERICA,   ) Docket No. 18-cr-10020
                                 )
 4        Plaintiff,             )
     vs.                         )  Peoria, Illinois
 5                               )  September 6, 2018
     PETE EARL TAYLOR,           )
 6                               )
          Defendant.             )
 7   _____)

 8
                      RECORD OF PROCEEDINGS
 9                  CHANGE OF PLEA HEARING
            BEFORE THE HONORABLE JAMES E. SHADID
10              UNITED STATES DISTRICT JUDGE

11
                      THE APPEARANCES
12
                  KATHERINE G. LEGGE, ESQ.
13                 Assistant U.S. Attorney
               One Technology Plaza, Suite 400
14                  211 Fulton Street
                    Peoria, IL  61602
15                On behalf of the Plaintiff

16
                  KARL W. BRYNING, ESQ.
17          Assistant Federal Public Defender
               401 Main Street, Suite 1500
18                  Peoria, IL  61602
                  On behalf of the Defendant
19

20

21

22               Nancy Mersot, CSR, RPR
            United States District Court Reporter
23                100 N.E. Monroe Street
                    Peoria, IL  61602
24
     Proceedings recorded by mechanical stenography,
25   transcript produced by computer-aided transcription.
```

2

```
 1              (Proceedings were held in open court.)
 2         THE COURT:  Okay.  Good morning, everybody.
 3         This is the United States v. Pete Earl
 4  Taylor.
 5         Present with Mr. Bryning, Mr. Taylor?
 6         THE DEFENDANT:  Yes, sir.
 7         THE COURT:  Present with Mr. Bryning in
 8  18-10020.
 9         Miss Legge present for the government.
10         Do I understand this is an open plea to both
11  counts?
12         MR. BRYNING:  That's my understanding,
13  Judge.
14         THE COURT:  All right.  Mr. Taylor, do you
15  want to have a seat with Mr. Bryning please?
16         All right.  I received a letter on
17  Mr. Taylor's behalf which I will share from an Angel
18  Preyer and a Matt Smiley, mentions a Volkswagon.  So
19  I will share these with the parties.
20         Have you received these by any chance?
21         MR. BRYNING:  No, Judge.
22         MS. LEGGE:  No, Judge.
23         THE COURT:  Let me first hand them to --
24  they are, I would say, reference or character
25  letters on behalf of Mr. Taylor.
```

3

```
 1            MR. BRYNING:  Okay.
 2            THE COURT:  Let me first share those with
 3    Mr. Bryning because that's what they would normally
 4    be as it pertains to a Presentence Report or
 5    attachment to, so I would just, under the
 6    circumstances, let Mr. Bryning decide whether he
 7    wants to have those submitted for the Presentence
 8    Report, and if so, then Miss Legge will get a copy
 9    and then I will see them again.
10            Fair enough, Mr. Bryning?
11            MR. BRYNING:  Yes, Judge.
12            THE COURT:  I will let you review them
13    first.
14            MR. BRYNING:  Thank you, Your Honor.
15            THE COURT:  Okay.  Mr. Taylor, would you
16    stand and raise your right hand please.
17            (The defendant was sworn.)
18                        EXAMINATION
19    BY THE COURT:
20    Q.  All right, sir.  Have a seat.
21            I'm told you're going to plead to possession
22    of contraband weapon in prison and possession of
23    prohibited object in prison; that there is no
24    agreement and no written plea agreement and no
25    agreement as to sentencing.
```

1          Is that your understanding?

2  A.   Yes, sir.

3  Q.   All right.  Will you state your full name?

4  A.   Earl Taylor.

5  Q.   How old are you?

6  A.   53.

7  Q.   Where were you born?

8  A.   In California.

9  Q.   Can you read and write?

10  A.   Yes, sir.

11  Q.   How far did you go in school?

12  A.   GED, 11th grade.

13  Q.   Have you been treated recently for any mental

14  illness or addiction to narcotic drugs?

15  A.   No, sir.

16  Q.   Are you currently under the influence of any

17  drug, medication or alcoholic beverage?

18  A.   No, sir.

19  Q.   Have you received a copy of the indictment

20  pending against you and discussed that with

21  Mr. Bryning?

22  A.   Yes, sir.

23  Q.   Have you discussed your entire case with

24  Mr. Bryning?

25  A.   Yes, sir.

Q.    Are you satisfied with Mr. Bryning to this
point?

A.    Yes, sir.

Q.    Has anyone attempted in any way to force you to
plead guilty?

A.    No, sir.

Q.    Has anyone threatened you to get you to plead
guilty?

A.    No, sir.

Q.    Has anyone made any promises or assurances to
you of any kind to get you to plead guilty?

A.    No, sir.

Q.    Are you pleading guilty of your own free will
because you are in fact guilty?

A.    Yes, sir.

Q.    You are pleading guilty in Count 1 to possession
of contraband weapon.  On or about November 30,
2017, at Pekin, in the Central District of Illinois,
you were an inmate in the prison, namely the Federal
Correctional Institution at Pekin, Illinois; you did
unlawfully and willfully possess a prohibited
object, a homemade weapon made of a sharpened piece
of metal approximately six-and-one-half inches in
length in violation of United States Code.

          It alleges in Count 2, that on or about

1  November 30, 2017, at Pekin, in the Central District

2  of Illinois, you were an inmate at the Federal

3  Correctional Institution in Pekin, Illinois; that

4  you knowingly possessed a prohibited object, that

5  is, approximately six grams of a green leafy

6  substance and packages labeled Next Generation

7  Herbal Potpourri in violation of United States Code.

8          Do you understand the charges against you?

9  A.   Yes, sir.

10 Q.   The potential penalties for such charges

11 pursuant to statute are not more than five years in

12 prison, not more than $250,000 fine, not more than

13 three years of supervised release, and $100 special

14 assessment; that is as to Count 1.

15         As to Count 2, not more than six months in

16 prison, a fine of up to $10,000, up to three years

17 of supervised release, and a hundred dollar special

18 assessment as to Count 2.

19         Therefore, if run consecutive, the total

20 could be not more than five years and six months in

21 prison, up to $260,000 fine, up to six years of

22 supervised release, and a $200 special assessment.

23         Do you understand the potential penalties?

24 A.   Yes, sir.

25 Q.   This is a felony offense that you're pleading

guilty to.  If your plea is accepted and you're
adjudged guilty of that offense, such adjudication
may deprive you of valuable civil rights, such as
the right to vote, the right to hold public office,
the right to serve on a jury, the right to possess
any kind of a firearm.

Do you understand that?

A.   Yes, sir.

Q.   You have a right to persist in your plea of not
guilty and proceed to trial by judge or jury.  If by
jury, 12 citizens would be selected by you and your
attorney and the government.  They would hear all of
the evidence in the case.  They would have to agree
unanimously before you could be found guilty or not
guilty.  If you had a trial by judge, I would make
that determination.

Do you understand the difference?

A.   Yes, sir.

Q.   At either trial you're entitled to the
assistance of counsel at every stage of the
proceedings.  If you cannot afford one, one would be
appointed for you at no cost to you.

You would have the right to confront and
cross-examine the witnesses against you.

You have the right to call witnesses to

testify for you.

You have a right to testify yourself if you wish.  If you chose not to testify, no inference of guilt could be drawn from that, and that could not be used against you.

Do you understand all of these rights?

A.   Yes, sir.

Q.   Do you understand that by pleading guilty, there would be no trial?

A.   Yes, sir.

Q.   The government would have to prove each of the allegations -- the elements of the charges against you beyond a reasonable doubt before you could be convicted.

THE COURT:  I would ask Miss Legge at this time for a factual basis for the plea.

MS. LEGGE:  Thank you, Your Honor.

If the parties proceeded to trial, we would provide evidence that on or about November 30, 2017, Pete Earl Taylor was an inmate at the Federal Correctional Institution in the Pekin, Illinois, which is located in the Central District of Illinois.

On that date correctional officers made contact with inmate Mr. Taylor, the defendant, at

his cell due to a suspicion that he possessed
illegal narcotics.  A search was conducted of the
defendant's person and concealed on his person were
two packages of a green leafy substance, which was
suspected K2 or synthetic cannabis, a prohibited
object in prison.  Also concealed between the
defendant's butt cheeks and recovered at the time by
FBI, Pekin correctional officers was a homemade
weapon, specifically a six-and-a-half inch sharpened
steel blade which was wrapped in toilet paper.

      THE COURT:  Mr. Bryning, do you believe the
government can produce that evidence at trial?

      MR. BRYNING:  I, do Judge.

BY THE COURT:

Q.  Mr. Taylor, did you hear what I was just told?

A.  Yes, sir.

Q.  Are those facts correct?

A.  Yes, sir.

Q.  Are they in part the reason why you are pleading
guilty?

A.  Say that again.

Q.  Are they part of the reason why you're pleading
guilty?

A.  Yes, sir.

Q.  Okay.  Your sentence will ultimately be

1  determined by a combination of Advisory Sentencing

2  Guidelines, possible authorized departures from

3  those guidelines, and other statutory sentencing

4  factors.

5          Have you and Mr. Bryning talked about how

6  the Sentencing Guidelines might apply to your case?

7  A.   Yes, sir.

8          THE COURT:  Mr. Bryning, any estimate

9  possible?

10         MR. BRYNING:  Judge, estimate approximately

11  24 to 30 months including acceptance of

12  responsibility.

13  BY THE COURT:

14  Q.   All right.  So I won't be able to determine the

15  advisory guideline range for your case until after a

16  Presentence Report has been completed and you and

17  the government have had an opportunity to challenge

18  the reported facts and the application of the

19  guidelines as recommended by the probation office.

20  Therefore, a sentence ultimately imposed may be

21  different from any estimate your attorney may have

22  given you.

23          And after your initial advisory guideline

24  range has been determined, I have the authority in

25  some circumstances to depart upward or downward from

that range, and I will also examine other statutory
sentencing factors as required to do so.  And that
may result in the imposition of a sentence that is
either greater or lesser than the advisory guideline
sentence.

Do you understand that?

A.   Yes, sir.

Q.   The mandatory supervised release period I
mentioned has its own terms and conditions.  And any
violation of those terms and conditions could result
in your mandatory supervised release being revoked
and you being imprisoned for all or part of that
time without credit for any time previously served.

Do you understand that?

A.   Yes, sir.

Q.   Do you have any questions at all about the
charges against you?

A.   Not really, Your Honor.  I have some issues I
think my attorney will bring up.

THE COURT:  Mr. Bryning, is there something
you think Mr. Taylor needs to have addressed?

MR. BRYNING:  Judge, there are some issues
that he has been having at the Tazewell County Jail
that we would address at the appropriate time.

THE COURT:  Okay.  Then we will get through

1  this first.

2  BY THE COURT:

3  Q.  All right.  Do you understand the potential

4  penalties?

5  A.  Yes, sir.

6  Q.  Do you understand your rights to a trial?

7  A.  Yes, sir.

8  Q.  Do you believe that you understand the

9  consequences of your plea?

10  A.  Yes.

11  Q.  With that in mind, how to you plead to

12  possession of contraband weapon as alleged in Count

13  1?

14  A.  I plead guilty.

15  Q.  And possession of prohibited object in prison as

16  set forth in Count 2?

17  A.  I plead guilty.

18        THE COURT:  I find that you are fully

19  competent and capable of entering an informed plea;

20  you are aware of the nature of the charges and the

21  consequences of the plea as to each count.  The plea

22  of guilty to each count is a knowing and voluntary

23  one supported by an independent basis in fact

24  containing the elements of the offense.

25        Your plea is therefore accepted and I'm now

13

 1   adjudging you guilty of that offense.

 2           We will order a Presentence Report.

 3           Set the matter for sentencing for

 4   January 17, 2019, at 11:30 a.m.

 5           We will vacate the trial setting of

 6   October 15, 2018.

 7           All right.  Anything else that we need to

 8   address?

 9           MR. BRYNING:  Yes, Judge, a couple of

10   things.

11           First of all, Mr. Taylor has never been on

12   the streets.  This occurred in prison and he's been

13   in custody since this occurrence.  So we are

14   requesting that the sentencing hearing be held as

15   soon as possible because the Presentence Report in

16   this case should really simply just be an update of

17   the Presentence Report that he had while he was in

18   the Bureau of Prisons.  So that's one request.

19           The other would be that Mr. Taylor be

20   transferred to a different jail.  He's been having a

21   number of problems while in the Tazewell County Jail

22   that's caused him difficulties.  He tried to address

23   these complaints through the administrative process

24   at the jail and they have been in communication with

25   the marshals, but in Mr. Taylor's view there has

1  been no resolution to these issues.

2      I would ask that he be allowed to address

3  this Court on this topic since he is more familiar

4  with the problems that he is having there than I am.

5      THE COURT:  Go ahead.

6      THE DEFENDANT:  First of all, sir, I filed a

7  pre-act on 6/21/18.  I never received a record on

8  it.  I wrote a letter to the jail administrator.  He

9  sent a commander who talked to me, and they said

10  they forwarded it to the U.S. Marshals and the U.S.

11  Marshals threw it -- dismissed it.  I don't see how

12  U.S. Marshal can dismiss it if I filed a complaint.

13      They told me that -- the last I knew they

14  told me a detective was coming out to see me when I

15  filed a complaint.  They said the detective would be

16  out to see me.  The detective never came and seen me

17  so I wrote the jail administrator, Mr. Aldrich.  He

18  sent a commander to talk to me and they told me that

19  they forwarded the complaint to U.S. Marshal because

20  it happened here and it didn't happen there.  The

21  U.S. Marshals dismissed it.

22      Secondly, like I told my attorney, based on

23  my conditions and my location, I came in here to

24  plead today.  I would like to get this resolved as

25  soon as possible.  Get me out of Pekin.  Period.

1      THE COURT:  Are you pleading guilty because

2 you're guilty?

3      THE DEFENDANT:  Yes, sir.

4      THE COURT:  All right.  Because I don't want

5 you pleading guilty if you're not.

6      THE DEFENDANT:  But I'm trying to resolve

7 this, Your Honor.

8      THE COURT:  I understand, and there are a

9 whole bunch of reasons why you might plead guilty,

10 but the most important reason is you are pleading

11 guilty because you want to because you are in fact

12 guilty.

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  Okay.  Let me address this then.

15 Let's move the sentencing up.  If probation is

16 unable to comply for whatever reason, then they can

17 ask that we address it, but I think moving it up

18 another 30 days or so shouldn't be an issue.

19 Mr. Bryning makes a point.  It shouldn't be a

20 difficult PSR here or complicated one.

21      So let's get this into, you know, early

22 December, if we could.  That will help address your

23 issue; Thursday, December 13th.

24      MR. BRYNING:  Pardon?

25      THE COURT:  Thursday, December 13th at

1  11:00.

2          MR. BRYNING:  That's fine, Your Honor.

3          THE COURT:  Okay.  December 13th at 11:00.

4  With regard to the administrative issues regarding

5  your complaints at Tazewell County or with the

6  marshals, to the extent that it involves jail

7  administration issues, I'm not going to interfere

8  with that; to the extent that it interferes with

9  your ability to have this case addressed or your

10  communications with Mr. Bryning, then I would.  So I

11  would ask that if Mr. Bryning feels after further

12  discussion that those issues need to be addressed,

13  then he knows how to bring it back to my attention;

14  otherwise, we will do what we can to move this along

15  and get you moved on out.

16          Anything else?

17          MR. BRYNING:  Your Honor, as to the letters,

18  I have discussed those with Mr. Taylor and he does

19  wish to have those letters submitted to the Court at

20  this time.

21          THE COURT:  Would you just hand them off to

22  probation and they can make them as part of an

23  attachment to the PSR?

24          MR. BRYNING:  We could do that.

25          THE COURT:  Okay.  Otherwise -- that's what

1  I would do.  If you give them back to me, I'm going

2  to give them to probation and make them part of the

3  attachments to the Presentence Report as exhibits.

4        MR. BRYNING:  That's fine.  We can do that

5  and we can do that at the PSR interview.

6        THE COURT:  That would be great.  Thank you.

7        Okay.  Thank you, Mr. Taylor.

8                        ****

9        THE COURT:  On the record again, back to

10  Mr. Taylor, 18-10020.  Given the plea, we will moot

11  Motion 8 -- Document 8, 9, and 10 pretrial, and 11

12  Pretrial Motions and Motion in Limine.

13        (Which were all of the proceedings had in

14         this case on this date.)

15                        ****

16

17     I certify that the foregoing is a correct

18  transcript from the record of proceedings in the

19  above-entitled matter.

20

21

22  s/Nancy Mersot          Date:  January 10, 2019

23  Court Reporter

24

25